UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jennifer B., <br><br> Plaintiff, <br><br> v. <br><br> Leland Dudek, <br> Acting Commissioner of Social Security Administration, [1] <br><br> Defendant. | Case No. 24-cv-1001 (TNL) <br><br><br> **ORDER** |

Clifford Michael Farrell, Manring and Farrell, 5810 Shier Rings Road, Front Dublin, Ohio 43016, and Edward C. Olson, Reitan Law Office, 80 South Eighth Street, Suite 900, Minneapolis, Minnesota 55402 (for Plaintiff); and

Ana H. Voss, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415; and James D. Sides and Sophie Doroba, Special Assistant United States Attorneys, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235 (for Defendant).

## I.   INTRODUCTION

Plaintiff Jennifer B. challenges Defendant Commissioner of Social Security's denial of her application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 401. The parties have consented to a final judgment from the undersigned United States Magistrate Judge in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D. Minn. LR 72.1(c).

---

[1] The Court has substituted Acting Commissioner Leland Dudek for Commissioner Martin O'Malley. A public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

1

Pursuant to the Federal Rules of Civil Procedure's Supplemental Rules governing actions seeking judicial review of the Commissioner's decision, this action "is presented for decision by the parties' briefs." Fed. R. Civ. P. Supp. SS Rule 5. Plaintiff filed a brief, ECF No. 9, requesting the Court to reverse the Commissioner's decision and remand for further review. Defendant filed a brief in opposition, ECF No. 11, and Plaintiff filed a reply brief, ECF No. 12.

For the reasons set forth below, the Court denies Plaintiff's request for relief and affirms the Commissioner's decision.

## II. BACKGROUND

In 2020, Plaintiff applied to the Social Security Administration for Supplemental Security Income. Tr. 140. In her application, Plaintiff said she was disabled because of Attention Deficit Disorder (ADD), Bipolar Disorder, Borderline Personality Disorder, anxiety, depression, Obsessive Compulsive Disorder, clotting disorder, right knee pain, left leg pain, chronic hip pain, and poor short-term memory. Tr. 142. The Social Security Administration[2] denied Plaintiff's initial application, finding that she was not disabled. Tr. 139–40. Plaintiff applied for reconsideration of her applications, Tr. 168–70, and the Social Security Administration again denied her claim. Tr. 159, 161.

Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). Tr. 175. After the hearing, the ALJ denied Plaintiff's claim. Tr. 23–36. Plaintiff requested that

---

[2] A Minnesota state agency made the original disability determination on behalf of the Social Security Administration. *See* 20 C.F.R. § 416.1026 (providing funding to state agencies to make disability determinations on behalf of the Social Security Administration).

the Appeals Council review the decision of the ALJ, Tr. 254–55, and the Appeals Council denied her request for review. Tr. 1.

Plaintiff appealed to this District Court. Tr. 1261–62; *see also Jennifer B. v. Kijakazi*, No. 22-cv-701 (D. Minn. filed Mar. 16, 2022). Before the district court ruled on the merits of Plaintiff's filing, the parties filed a stipulation to remand the case to an ALJ, which the district court approved. Tr. 1286; *see also Jennifer B.*, No. 22-cv-701.

The ALJ[3] held another hearing on Plaintiff's claim. At the administrative hearing, the ALJ heard testimony from Plaintiff and from a vocational expert. Tr. 1221, 1230–31. In making her decision, the ALJ reviewed the initial and reconsideration determinations of the Social Security Administration, including the administrative findings of psychologists Michelle Hoy-Watkins, Psy.D. and P.E. Shields, Ph.D., Ph.D. Tr. 130–32 (Dr. Hoy-Watkins), 135–37 (Dr. Hoy-Watkins), 150–52 (Dr. Shields), 156–58 (Dr. Shields). The ALJ also considered extensive medical records in preparing her decision. Tr. 344–1167, 1437–1865.

After the hearing, the ALJ issued a decision denying Plaintiff's claim. Tr. 15–29. In her decision, she found that Plaintiff had the residual functional capacity

> to perform light work as defined in 20 CFR 416.967(b) except: . . . she could understand, remember, and carry out simple, routine instructions and tasks; she could have occasional interaction with supervisors, coworkers, and the general public; she would be limited to work involving, simple, work related decisions; only occasional changes in the work setting; and no production paced work, such as moving, assembly line

---

[3] The same ALJ made a determination of whether Plaintiff was disabled at the initial hearing and after the case was remanded. Tr. 36, 1201.

3

> work or work involving hourly quotas, but bench work and daily quotas would be acceptable.

Tr. 1181. Based on this residual functional capacity, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. 1199. To make this finding, the ALJ relied on the testimony from the vocational expert that Plaintiff could perform the requirements of an assembler of small products, an inspector, or a marker. *Id.* As a result, the ALJ determined that Plaintiff was not disabled. Tr. 1201.

Plaintiff now seeks review by this Court.

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was not supported by substantial evidence. Pl.'s Br. at 8, ECF No. 9. Plaintiff specifically contends that the ALJ failed to appropriately evaluate the administrative findings of Drs. Hoy-Watkins and Shields as required by rule. *Id.* The Court is not persuaded.

#### A. Standard of Review

This Court reviews whether the ALJ's decision is supported by substantial evidence in the record as a whole. *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* at 103. "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted); *see, also*, *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (defining "substantial evidence as less than a preponderance but enough that a reasonable mind would find it adequate to support the conclusion" (quotation omitted)).

This standard requires the Court to "consider both evidence that detracts from the [ALJ's] decision and evidence that supports it." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011). The ALJ's decision "will not [be] reverse[d] simply because some evidence supports a conclusion other than that reached by the ALJ." *Id.* Rather, reviewing courts reverse an ALJ's decision "only if it falls outside the available zone of choice." *Kraus v. Saul*, 988 F.3d 1019, 1024 (8th Cir. 2021) (quotation omitted).

### B. Supplemental Security Income

Supplemental Security Income is available to low-income individuals who are older than 65, blind, or disabled. 20 C.F.R. § 416.202. An individual is considered to be disabled if they are unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted . . . for a continuous period of not less than 12 months." *Id.* § 416.905(a). This standard is met when a severe physical or mental impairment renders the individual unable to do their previous work or "any other substantial gainful work that exists in the national economy." *Id.*

Disability is determined according to a five-step, sequential evaluation process. *Id.* § 416.920(a)(4).

> To determine disability, the ALJ follows the familiar five-step process, considering whether: (1) the claimant was employed; (2) she was severely impaired; (3) her impairment was, or was comparable to, a listed impairment; (4) she could perform past relevant work; and if not, (5) whether she could perform any other kind of work.

*Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010). In general, the burden of proving the existence of disability lies with the claimant. 20 C.F.R. § 416.912(a).

Before the fourth step in the disability determination process, the ALJ assesses the claimant's residual functional capacity. *Id.* § 416.945(a)(5)(i). The residual functional capacity is the most work a claimant can do despite their limitations. *Id.* § 416.945(a)(1). The ALJ assesses a claimant's residual functional capacity "based on all of the relevant medical and other evidence." *Id.* § 416.945(a)(3). If a claimant has a severe impairment, but the impairment is not a listed impairment, the ALJ must "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe, in determining . . . residual functional capacity." *Id.* § 416.945(e). To make this determination on the total limiting effects of the claimant's impairments, the ALJ considers "all of the medical and nonmedical evidence." *Id.*

The Social Security Administration has promulgated rules on how the ALJ must consider administrative findings.[4] When a single medical source provides multiple prior administrative medical findings, the ALJ "articulate[s] how [they] considered the . . . prior administrative medical findings from that medical source together in a single analysis." 20 C.F.R. § 416.920c(b)(1). The ALJ is "not required to articulate how we considered each . . . prior administrative medical finding from one medical source individually." *Id.* The ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . including those from [the claimant's] medical sources." *Id.* § 416.920c(a). Rather, the ALJ considers five factors in evaluating the

---

[4] A prior administrative finding is "a finding . . . about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [the] current claim based on their review of the evidence in your case record." 20 C.F.R. § 416.913(a)(5).

6

administrative findings: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* 416.920c(c). The most important factors are supportability and consistency. *Id.* § 416.920c(b)(2). The ALJ must explain how they considered the supportability and consistency factors but is not required to explain how they considered the other three factors. *Id.* "The ALJ need not use the magic words of 'supportability' and 'consistency,' but it must be clear they were addressed." *Shaunquelle P. v. O'Malley*, No. 23-cv-556, 2024 WL 1231361, at *6 (D. Minn. Mar. 22, 2024) (quotation omitted).

For the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her . . . prior administrative medical finding(s), the more persuasive the . . . prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). And for the consistency factor, "[t]he more consistent a . . . prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the . . . prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(2).

### C. The ALJ's formulation of Plaintiff's residual functional capacity is consistent with moderate limitations in concentrating, persisting, and maintaining pace.

Plaintiff argues that the ALJ improperly omitted the limitation that Drs. Hoy-Watkins and Shields proposed—allowing Plaintiff to have only brief and superficial social interactions. ECF No. 9 at 8. She claims that the ALJ addressed neither the supportability nor the consistency of the psychologists' administrative findings. *Id.* at 12. As for

7

supportability, Plaintiff contends that the ALJ "made a very general statement calling these [administrative findings] 'vague' and failed to actually address the supportability of them." *Id.* at 11. And for consistency, Plaintiff asserts that the ALJ "apparently attempted to [address consistency] by referring generically and without citation to instances of alleged normalcy throughout the record," but that "the ALJ's explanation is not an accurate representation of the record as a whole." *Id.* at 12. Defendant responds that the ALJ performed the required analysis of the psychologists' administrative findings and that the ALJ adequately explained her decision to not limit Plaintiff to brief and superficial social interactions. Def's Br. at 9–15, ECF No. 11.

Dr. Hoy-Watkins wrote that Plaintiff's "[s]ocialization includes using social media, going to church and attending therapy." Tr. 131. She opined that "[Plaintiff] can engage in brief and superficial social interactions on a sustained basis." Tr. 137. Dr. Shields also wrote that Plaintiff's "[s]ocialization includes using social media, going to church and attending therapy." Tr. 151. Dr. Shields opined that "[Plaintiff] retains the ability to tolerate superficial interactions with coworkers, supervisors and the public." Tr. 158.

The ALJ found the found the administrative findings limiting Plaintiff to "brief and superficial social interactions" to be "not persuasive." Tr. 1193. She stated that proposed "superficial"[5] limitation "is vague and not supported by the evidence of record." *Id.* She further stated that that proposed limitation

---

[5] The Court emphasizes that Dr. Hoy-Watkins proposed limiting Plaintiff to "brief and superficial" social interactions, while Dr. Shields proposed limiting Plaintiff to only "superficial" social interactions. The Court notes that "brief" and "superficial" have unique definitions, so the psychologists proposed different social limitations for Plaintiff.

8

> is not consistent with the record as a whole, including the general lack of evidence of difficulties getting along with others, reports that she interacted with friends and family, goes out in public including to crowded places, albeit with some alleged difficulty, and went to the gym, and the inconsistent notations regarding anxiety and mood.

*Id.* The ALJ then provided an extensive analysis of the objective medical evidence of Plaintiff's mental health. *Id.* at 1193–94. With regard to Plaintiff's social capabilities, the ALJ wrote,

> As for the claimant's allegations of difficulty with social interaction, including being in large crowds, the objective medical evidence noted above fails to support the severity of the claimant's symptoms and limitations related to social functioning. Further, the record indicates she is able to go to doctor appointments by herself, she is able to the grocery store with some alleged difficulty, she interacts with her friend and family, and she at times was able to attend a gym several times a week as well as attend small social gatherings (Testimony).

Tr. 1194. The ALJ continued, "[I]n light of the evidence as a whole, including the claimant's mental health treatment history, but also considering the unremarkable objective findings in the claimant's treatment records and the evidence of the claimant's social functioning . . . the case record supports up to but no more than moderate functional mental limitations." *Id.* at 1195. As a result, the ALJ stated in Plaintiff's residual functional capacity that Plaintiff "could have occasional interaction with supervisors, coworkers, and the general public." Tr. 1181.

---

Nevertheless, the Court uses the terms "brief and superficial" and "superficial" interchangeably in this Order for convenience, because the Order addresses the supportability and consistency of the psychologists' administrative at a source level, rather than at an opinion level. *See* 20 C.F.R. § 416.920c(b)(1).

The Court first notes that, because the reports of Drs. Hoy-Watkins and Shields were a single source, the ALJ was "not required to articulate how [she] considered each . . . prior administrative medical finding . . . individually." 20 C.F.R. § 416.920c(b)(1). Rather, the ALJ engaged in the appropriate, source-level analysis for all of the administrative findings of the psychologists.

Even so, however, the ALJ adequately evaluated the supportability and consistency of the psychologists' administrative finding that limited Plaintiff to "superficial" interactions. As for supportability, the ALJ found that the psychologists' administrative findings as to Plaintiff's social capabilities were "vague." Tr. 1193. "[D]istrict courts have continued to find that ALJs are entitled to discount vague medical opinions under the post-2017 standard." *Arden B. v. Kijakazi*, No. 21-CV-2008, 2022 WL 4636221 at *5 (N.D. Iowa Sept. 30, 2022); *see also Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996) (holding that, under the prior standard, vague medical opinions are of limited persuasive value). Moreover, the ALJ's finding that the administrative findings were vague is supported by the record. The proposed social limitations of both psychologists were vague because they did not provide "relevant . . . supporting explanations . . . to support [their] . . . prior administrative medical finding[s]." 20 C.F.R. § 416.920c(c)(1). And to the extent that the psychologists' explanation of Plaintiff's socializing—"using social media, going to church and attending therapy"—is a supporting explanation, Tr. 131, 151, the psychologists failed to explain why that level of socialization would require a "superficial" limitation. The ALJ adequately explained her consideration of the supportability of the psychologists'

10

administrative findings because she wrote that the findings were "vague" for failing to provide a relevant explanation for the proposed limitation.

For consistency, the ALJ stated that both the "objective medical evidence" and the testimony of Plaintiff "fails to support the severity of [Plaintiff's] . . . limitations related to social functioning." Tr. 1194. The ALJ completed a detailed comparison of the medical evidence and Plaintiff's testimony to the administrative findings of the psychologists. Tr. 1193–94. This was sufficient analysis of the consistency factor. Moreover, the ALJ's analysis is supported by the record. For example, although Plaintiff exhibited angry facial expressions and a blunted affect in February 2019, Tr. 765, at other points in 2019 she was pleasant and cooperative, with an appropriate affect and good eye contact. Tr. 731–32 (Nov. 2019), 736–37 (Sept. 2019) 740–41 (July 2019), 746–47 (May 2019), 752–53 (Apr. 2019), 757–58 (Mar. 2019). Although Plaintiff alleged that she had difficulty with social interactions, she testified that she went to the doctor by herself, Tr. 1222, and went to the grocery store assisted by a relative or personal care assistant. Tr. 1225. She stated that at the grocery store she is "able to control [her anxiety] for the most part," although "a few times" she has had to "go sit in her car." Tr. *Id.* She agreed that her personal care assistant is her best friend, and she noted that she had interactions with her 22-year-old son and her father. Tr. 1222, 1225.

In short, the record supports the ALJ's finding that the psychologists' proposed "superficial" limitation was not consistent with the medical evidence and testimony in the record. Although Plaintiff points to other evidence in the record that supports the psychologists' proposed "superficial" limitation, "the ALJ is not required to explicitly

11

reconcile every conflicting shred of medical evidence." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) (quotation omitted). More importantly, the fact that a different conclusion as to Plaintiff's residual functional capacity could be drawn from the evidence does not merit reversal. *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.").

The ALJ adequately addressed the supportability and consistency of the prior administrative findings of Drs. Hoy-Watkins and Shields. And the ALJ's findings on supportability and consistency are supported by the record. Therefore, substantial evidence overall supports the ALJ's finding of Plaintiff's residual functional capacity. Reversal is not warranted based on the ALJ's finding of Plaintiff's residual functional capacity because it falls in the "zone of choice" created from the record. *Kraus*, 988 F.3d at 1024.

## IV. CONCLUSION

Based upon the foregoing and all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Request for Relief, ECF No. 9, is **DENIED**;

2. Defendant's Request for Relief, ECF No. 11, is **GRANTED**; and

3. The ALJ's decision is **AFFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

(*Order continues on next page*)

Date: March 20, 2025

/s/ *Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Jennifer B. v. Dudek*
Case No. 24-cv-1001 (TNL)